JS - 6   LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01560 GAF (Ex) | Date | March 23, 2012 |
|---|---|---|---|
| Title | OWB REO LLC v. Joseph Q Octaviano et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**     **(In Chambers)**

**ORDER REMANDING CASE**

**I.
INTRODUCTION & BACKGROUND**

On August 9, 2011, Plaintiff OWB REO, LLC ("OWB") filed this unlawful detainer action against Defendant Joseph Q. Octaviano in Los Angeles County Superior Court. (Docket No. 1, Not., Ex. A [Compl.].) Plaintiff alleges that it purchased Defendants' real property in Los Angeles by virtue of a lawful foreclosure sale on April 28, 2011, and that Defendants refuse to quit the premises. (Id. ¶¶ 5–6.) Defendant removed the action to this Court on February 23, 2012, asserting that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446, and diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Not.) For the reasons set forth below, the Court concludes that Defendant has failed to establish that the suit arises under federal law, or that the parties are diverse. Accordingly, the case is **REMANDED** to Los Angeles County Superior Court.

**II.
DISCUSSION**

**A. LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01560 GAF (Ex) | | Date | March 23, 2012 |
|---|---|---|---|---|
| Title | OWB REO LLC v. Joseph Q Octaviano et al. | | | |

during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28–29.

Additionally, federal courts have subject matter jurisdiction on the basis of diversity of citizenship where the amount in controversy exceeds $75,000 and where the matter is between citizens of different states. 28 U.S.C. § 1332(a). A person's state of citizenship is "determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). For trusts, diversity citizenship is based on the citizenship of the trustee, Id., or both the trustee and the beneficiary. Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192 (3d Cir. 2007). Finally, a national banking association is deemed to be "located" for the purposes of citizenship in the state in which its main offices, as set forth in its articles of incorporation, is located. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006).

JS - 6   LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01560 GAF (Ex) | Date | March 23, 2012 |
|---|---|---|---|
| Title | OWB REO LLC v. Joseph Q Octaviano et al. | | |

"[A] plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

**B. APPLICATION TO DEFENDANTS' NOTICE OF REMOVAL**

Defendants fail to establish the existence of either federal question or diversity jurisdiction.

**1. FEDERAL QUESTION JURISDICTION**

In their notice of removal, Defendants contend that the Court has jurisdiction under 28 U.S.C. §§ 1441 and 1446. (Not. ¶¶ 24, 31.) It is undisputed, however, that Plaintiff's complaint does not explicitly plead a federal cause of action. Nor is there any basis for finding that OWB engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981). "An unlawful detainer action is a true state law claim." Homesales, Inc. v. Frierson,, 2009 WL 365663, at *2 n. 8 (C.D. Cal. Feb. 11, 2009).

Therefore, removal jurisdiction is lacking, even if Defendants intend to assert a defense based exclusively on federal law. See Valles, 410 F.3d at 1075 ( "A federal law defense to a state-law claim does not confer jurisdiction on a federal court"); see also U.S. Nat'l Ass'n v. Almanza, 2009 WL 161082, at *2 (E.D. Cal. Jan. 22, 2009) (remanding state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question").

**2. DIVERSITY JURISDICTION**

Beyond the conclusory allegation that the parties are from different states, Defendants do not make any allegations concerning the parties' citizenship. (Not. ¶ 3.) Further, Defendants cannot meet 28 U.S.C. 1332(a)'s amount in controversy requirement. Because Plaintiff is seeking damages in daily rent, the appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole. Bally Total Fitness Corp. v. Contra Costa Retail Center, 384 B.R. 566, 571 (Bkrtcy. N.D. Cal. 2008). Plaintiff seeks $50.00 in rent for each day that Defendants remain on the premises, commencing on July 25, 2011. (Compl. ¶ 7.) Accordingly, Defendant owes $7,650.00 in total unpaid rent as of the date of removal. Therefore, even assuming that

JS - 6      **LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01560 GAF (Ex) | Date | March 23, 2012 |
|---|---|---|---|
| Title | OWB REO LLC v. Joseph Q Octaviano et al. | | |

Defendant could establish that the parties are citizens of different states, Defendant cannot establish that the amount in controversy exceeds $75,000.

## III.
## CONCLUSION

For the foregoing reasons, the Court finds that Defendant has failed to establish the existence of federal subject matter jurisdiction. The Court therefore **REMANDS** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**